RAFAEL H. LÓPEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, P. R., recurrido.

No. 738.—*Sometido:* Noviembre 5, 1928. *Resuelto:* Noviembre 16, 1928.

*García Méndez & García Méndez,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Angel Santoni Cardona, mayor de diez y nueve años, casado, vecino de Rincón, como dueño de una onceava parte proindivisa de una finca rústica en los barrios de Río Grande y Puntas, en el término municipal de Rincón, vendió tal participación a Rafael H. López, consignando la venta en escritura pública otorgada en fecha 28 de junio de 1928, ante el notario don Manuel A. García Méndez. En la escritura se hizo constar que el vendedor Santoni se halla emancipado por concesión judicial, según resolución de la Corte de Distrito de Aguadilla. En el Registro de la Propiedad de Aguadilla, y para su inscripción, se presentó la copia de dicha escritura, acompañada de una certificación de la resolución de la Corte de Distrito de Aguadilla, en el caso civil No. 6850,

Angel Santoni y Cardona, Ex Parte, Emancipación por concesión judicial; la parte dispositiva de esa resolución, lee así:

"la Corte resuelve decretar como decreta la emancipación del menor Angel Santoni y Cardona, disponiendo que se considere éste como mayor de edad para todos los efectos legales, sin excepción alguna."

El Registrador de la Propiedad de Aguadilla, denegó la inscripción de la ameritada escritura de venta de condominio, fundándose, según la nota denegatoria, en que la habilitación de mayor de edad hecha por la Corte de Distrito de Aguadilla, en su resolución a favor del menor Angel Santoni y Cardona, disponiendo que se le considere como tal mayor para todos los efectos legales, sin excepción alguna, se halla limitada, en cuanto a los bienes inmuebles, a su manejo y administración, pero para enajenarlos y gravarlos necesita el menor el consentimiento de un tutor; y en que aparece de la escritura que el dicho menor siendo casado, estaba ya emancipado por el matrimonio, sin que aparezca que el tribunal al dictar su resolución, conociera ese hecho.

Contra esa nota denegatoria se ha interpuesto este recurso; y el recurrente y el Registrador han presentado muy hábiles alegatos.

El Código Civil de Puerto Rico reconoce, en su artículo 302, cuatro clases de emancipación. El mismo código, en el epígrafe del Título XI, Libro Primero, que dice: "Título XI—De la Emancipación y de la mayor edad," marca la diferencia entre una y otra, siendo la mayor edad una fijación o determinación de época o circunstancia para la desaparición de la restricción de la capacidad por razón de edad, y para la adquisición de tal capacidad plena.

De las otras clases comprendidas en el código, se nota entre ellas una seria diferencia. Unas son origen de derechos y al mismo tiempo conservan restricciones importantes; otra es simplemente de adquisición de derechos y capacidad, sin restricción alguna.

En el Capítulo II del Título XI del Primer Libro de nuestro Código Civil, el epígrafe es éste:

"De la Emancipación que confiere poder para la administración de los bienes."

Aparece ya claramente marcada la limitación. No se trata de una emancipación que convierta al emancipado en un mayor de edad, sino que le da poder, como indica el artículo 303 del mismo código, "para el solo efecto de la administración de sus bienes," y aun en cuanto a esta administración, con las restricciones de que hace mérito el artículo 307 del código, que lee así:

"Art. 307.—La emancipación habilita al menor para regir su persona y bienes como si fuera mayor; pero hasta que llegare a la mayor edad no podrá el emancipado contraer promesa u obligación alguna que exceda del importe de sus rentas por un año. Tampoco podrá gravar ni vender bienes inmuebles suyos sin consentimiento de su padre, en defecto de éste, sin el de su madre, y, en su caso sin el de su tutor.

"Tampoco podrá comparecer en juicio sin la asistencia de dichas personas."

Emancipa al menor el matrimonio si bien con las restricciones que respecto a enajenación e hipoteca de inmuebles le impone el artículo 309 del Código Civil, evidentemente menos rígidas que las impuestas al emancipado para administración de bienes.

Y, finalmente, el menor huérfano de padre y madre, puede ser emancipado de acuerdo con los artículos 312, 313, 314, 315 y 316 del Código Civil, convirtiéndose en mayor de edad para todos los efectos legales, sin excepción alguna (artículo 316, Código Civil). Ha querido aquí el código, dar a la emancipación, hecha por el poder público, la mayor extensión, y los más completos alcances. No hay efecto civil a que no toque esta emancipación; no queda restricción alguna para aquel que por consecuencia de este acto de un tribunal, puede ostentar la calidad de mayor de edad. Si se quisiera limitar

la emancipación dada por la corte, puede acudirse a otro precepto legal, el artículo 304 del mismo código, que dice:

"Art. 304: El menor que hubiere cumplido la dicha edad de diez y ocho años puede también ser emancipado por decisión de la Corte de Distrito para el efecto de la administración de sus bienes, en la forma prescrita en el Capítulo IV de este título.

"La emancipación puede ser pedida, bien por un pariente del menor o por el menor mismo."

De forma que la concesión judicial puede llegar hasta la más alta declaración de derechos ("todos los efectos legales, sin excepción alguna") o limitarse a la administración de bienes (fórmula del artículo 304) con las restricciones que se marcan en el citado Capítulo II, Título XI, Libro Primero del código.

Decretada la emancipación en este caso bajo el artículo 316 del código, no hay duda con respecto a la capacidad que para vender tiene Angel Santoni y Cardona.

No tiene la importancia que se le ha querido dar, el hecho de que cuando se dictó la resolución de la Corte de Distrito de Aguadilla, el menor estuviera casado, y emancipado, por el matrimonio. Esa emancipación era restringida, y él podía aspirar a otra más completa, y obtenerla.

Por tales razones, *se revoca la nota denegatoria del Registrador de la Propiedad de Aguadilla, a que se refiere este recurso, y se ordena la inscripción del documento.*